**UNITED STATES**

v.

**CERTAIN PARCELS OF LAND IN FAIRFAX COUNTY, VA., et al.**

**Misc. No. 555.**

United States District Court
E. D. Virginia, at Alexandria.
May 18, 1954.

Frederick A. Ballard, Washington, D. C., Joseph W. Wyatt, Washington, D. C., Andrew W. Clarke, Alexandria, Va., for intervenors.

Harry E. Cunningham, pro se.

Newell Blair, Washington, D. C., for Belle Haven Realty Corp.

L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., Robert MacLeod, Atty. Dept. of Jus-

tice, Washington, D. C., Perry W. Morton, Asst. Atty. Gen., Dept. of Justice, for the U. S.

**BARKSDALE, District Judge.**

Since this cause was remanded by the Supreme Court on April 6, 1953, to this court, for further proceedings in conformity with the opinion of the Supreme Court, 345 U.S. 344, 73 S.Ct. 693, 97 L.Ed. 1061, the following pleadings have been filed by the parties hereto: motion of intervenors for further hearing on motion to dismiss, filed July 13, 1953; motion of plaintiff, United States of America, to vacate order entered herein on December 1, 1951, dismissing this action (upon this motion I entered an order on December 4, 1953, vacating and holding for nought the said order of December 1, 1951, D.C., 101 F.Supp. 172, dismissing this action); motion of intervenors to set aside order vesting title on second amended declaration of taking, filed on December 4, 1953; amendment to petition for condemnation, as amended, filed by plaintiff on December 4, 1953; amended answer filed by respondent, Belle Haven Realty Corporation, on December 24, 1953; answer of intervenors to amendment to petition for condemnation as amended, filed December 24, 1953; plaintiff's motion to strike answer of intervenors to amendment to petition for condemnation as amended, filed January 15, 1954; plaintiff's motion to strike amended answer of the Belle Haven Realty Corporation filed January 15, 1954, and motion of intervenors for summary judgment filed March 10, 1954.

Other than plaintiff's motion to vacate the order entered herein on December 1, 1951, dismissing this action, which motion was granted by order of December 4, 1953, as mentioned above, all the other motions set out above are now pending, memoranda of argument in support of and in opposition to said motions have been filed, and oral argument thereon was heard on March 30, 1954.

When I entered the order of December 1, 1951, dismissing this action, although I stated in my opinion that I did not believe that the qualified consent of the Belle Haven Realty Corporation to the taking of the sewer system here in controversy was sufficient to comply with the Lanham Act, 42 U.S.C.A. § 1521 et seq., I based my decision to dismiss solely on the holding that the consent of the individual lot owners, who owned easements in the sewer system, was required under the Lanham Act, had not been obtained, and therefore the plaintiff's petition for condemnation must be dismissed, D.C., 101 F.Supp. 172. The Court of Appeals affirmed on this ground, and upon the additional ground that the Lanham Act extended only to lands or interests in lands and did not authorize the condemnation of a public works system such as the sewer system here in controversy, 4 Cir., 196 F.2d 657.

The Supreme Court reversed, holding that the Lanham Act did authorize the condemnation of the sewer system here in controversy, that the consent of the individual lot owners was not required, and that the consent of Belle Haven Realty Corporation "was implicit in its promise to accept nominal damages"; that such consent was ascertainable from Belle Haven's answer. 345 U.S. 344, 73 S.Ct. 693, 695.

However, the opinion of the court concluded with this statement, 345 U.S. at page 350, 73 S.Ct. at page 696:

"We do not pass on other issues raised by respondents, some of which if decided adversely to the government might be cured by amendment, and others we deem not ripe for adjudication because of factual questions not yet resolved."

The dissenting opinion, 345 U.S. 344, in a footnote on page 358, 73 S.Ct. 693, on page 700, suggested certain factual questions which would be left open on remand. Until now, no testimony has been taken in this case. Every decision which has heretofore been reached has been upon the facts as alleged in the pleadings and certain admissions made at pretrial conferences. No specific findings of fact have ever been made. It

seems clear to me from the opinion of the Supreme Court that specific findings of fact should now be made.

Therefore, I am of the opinion that the proper course of procedure now to be followed would be to set out the factual issues which should be determined, hear such evidence as the parties see fit to introduce upon these issues, make findings on these issues, and decide the case upon the facts as found and the law applicable thereto. I am of the opinion that all the pending motions should be overuled at this time, without prejudice, however, to any party to raise any question of substantive law which may be indicated in these motions after the determination of the factual issues. I have concluded that the following factual issues should be first determined:

(1) Whether or not the taking of the Belle Haven sewer system was for a public purpose;

(2) Whether or not the President approved this specific project, as required by the Lanham Act as amended;

(3) Whether or not funds were allotted for substantial additions or improvements to the Belle Haven sewer system, as required by the Lanham Act as amended; and

(4) Whether or not the Belle Haven Realty Corporation gave its consent to the acquisition by the plaintiff of the Belle Haven sewer system.

It is to be noted that the first three of these factual issues are the same or similar to those suggested in the footnote of the dissenting opinion. It is contended by the plaintiff that no factual issue remains as to the consent of Belle Haven, the same being *res adjudicata* under the opinion of the Supreme Court. Certainly, if the situation was the same now as it was when the Supreme Court rendered its opinion, this contention would have much merit, particularly in view of respondent's petition for a rehearing, which was overruled. However, as has been heretofore noted, since the remand, the plaintiff has filed an amended petition, and in its answer to this amended petition, Belle Haven has clearly put at issue the question of its consent. In its amended answer, Belle Haven has specifically alleged that its consent was conditioned upon a promise not performed by the plaintiff and "that its consent related to the petitioner's acquisition of said public utility and not merely to the compensation." I am, therefore, of the opinion that, under the present state of the pleadings, the question of whether or not Belle Haven consented to the taking, is a matter of fact to be determined upon evidence. An order will be entered in accordance with this memorandum, and the case will come on for hearing in due course upon the factual issues stated herein.